IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SUMMER J. WAITE                                                                             PLAINTIFF

    v.                                       CIVIL NO. 20-3022

ANDREW M. SAUL, Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

    Plaintiff, Summer J. Waite, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

    Plaintiff protectively filed her current application for DIB on August 19, 2017, alleging an inability to work since December 31, 2010, due to chronic migraines, a major depressive disorder, a generalized anxiety disorder, bipolar disorder, and post-traumatic stress disorder.  (Tr. 97, 184). For DIB purposes, Plaintiff maintained insured status through June 30, 2012. (Tr. 29, 196). An administrative hearing was held on December 20, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 42-94). A vocational expert and Plaintiff's father also testified at this hearing.

    By written decision dated June 26, 2019, the ALJ found Plaintiff last met the insured status requirements under the Act on June 30, 2012. (Tr. 30). The ALJ found Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date, December 31, 2010,

1

through June 30, 2012, her date last insured. (Tr. 31). The ALJ determined that through the date last insured Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve consecutive months. (Tr. 31). Therefore, the ALJ found Plaintiff did not have a severe impairment or combination of impairments during the time period in question. Id.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on February 4, 2020. (Tr. 1-5).  Subsequently, Plaintiff filed this action.  (Doc. 2).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 11th day of December 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE